FRANKLIN T. KING *et al.*, appellant, *v.* JAMES THOMPSON *et al.*, appellees.

*Appeal from Sangamon.*

A security for costs in which the Christian names of the plaintiffs are abbreviated, is valid.

THIS cause was heard in the Court below, at the July term, 1841, before the Hon. Samuel H. Treat. The defendants appealed to this Court.

E. D. BAKER and A. T. BLEDSOE, for the appellants.

J. SHIELDS and J. C. CONKLING, for the appellees.

DOUGLASS, Justice, delivered the opinion of the Court :
The appellees, who were the plaintiffs below, brought their action of *petition and summons* in the Sangamon Circuit Court, against Franklin T. King and Turner R. King. The Thompsons being non-residents of this State, at the time of the commencement of their suit, filed the following bond for costs, which was written upon the back of the petition, to wit :

" J. and F. W. Thompson 
      *v.*           ⎫
Franklin T. King and     ⎬   Sangamon Circuit Court.
Turner R. King.        ⎭

" I do hereby enter myself security for costs in this cause, and acknowledge myself bound to pay, or cause to be paid, all costs that may accrue in this action, either to the opposite party, or to any of the officers of this Court, in pursuance of the laws of this State. Dated this 16th of July, 1841.

" JAS. C. CONKLING."

The defendants below moved to dismiss the suit, upon the ground that there was no bond for costs, as required by the statute, from non-residents ; this bond not being accurately entitled in the cause. The Circuit Court overruled the motion, and no further defence being made, rendered judgment for the plaintiffs, for the amount of the note and interest. The decision of the Circuit Court, in overruling the motion to dismiss the suit, is the only error assigned in this Court.

In the case of Linn *v.* Buckingham and Huntington, (1) this Court decided that where the bond for costs was written on the back of the declaration, but the title of the Court did not appear in the same, it was a sufficient compliance with the statute.

(1) 1 Scam. 451.

In the case of Kettelle *v.* Wardell, (1) the precipe was correctly entitled in the cause, and on the same piece of paper was a bond for costs, omitting the names of the parties, and the title and term of the Court, and bearing no other evidence of what cause it was intended to be filed in, than that it was on the same piece of paper with the precipe, that the precipe was properly entitled, and the bond was entitled the "Same *v.* The Same," evidently referring to the same plaintiffs *v.* the same defendants. The Court held that the bond was a substantial compliance with the statute, and that the Circuit Court properly overruled the motion to dismiss the suit. In the case before the Court, the bond was entitled in the cause, giving the names of the parties, and of the Court in which the cause was pending, only abbreviating the Christian names of the plaintiffs and defendants.

We think it was a good bond in the cause, and that the Circuit Court decided correctly, the motion to dismiss the suit.

The judgment is affirmed with costs.

*Judgment affirmed.*